UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY L. WILLIAMS, JR.,

    Plaintiff,

v.                                             Case No. 3:22cv9570-LC-HTC

PARROT, et al.,

    Defendants.

_____/

### CASE MANAGEMENT AND SCHEDULING ORDER

Defendants Carr and Alligood have answered the complaint. ECF Doc. 43. The Court finds it appropriate to enter a Case Management and Scheduling Order ("CMO"), which will govern the pretrial proceedings in this matter. The parties and counsel are directed to review this CMO carefully, as a party's failure to follow this CMO may result in a denial of relief. In accordance with Rules 1 and 16(b) of the Federal Rules of Civil Procedure, it is ORDERED as follows:

    1.    <u>Discovery</u>. All discovery must be completed by **June 12, 2023**. This means that the due date for any discovery must be on or before June 12, 2023.

        a.    No discovery responses or requests should be filed with the Court unless they are relevant and necessary to a motion.

        b.    The parties may stipulate, without Court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule

of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any of these: completing discovery, submitting or responding to a motion, or trial.  *See* N.D. Fla. Loc. R. 6.1.

        c.      The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed twenty-five (25), including all discrete subparts.

        d.      The number of requests for production to any party may not exceed twenty-five (25).

        2.      <u>Joinder of Parties and Amendments to Pleadings</u>.  The deadline for Plaintiff and Defendant to join additional parties and amend pleadings shall be **April 3, 2023**.

        3.      <u>Rule 26 Requirements</u>.  Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* Plaintiff are not required to meet or make initial disclosures.

        4.      <u>Motions</u>:  All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Northern District of Florida's Local Rules, unless the time for responding is shortened or lengthened by the Court.  As set forth in the Federal Rules and Local Rules, all requests for relief must be made by motion and not by a letter or notice to the Court or the clerk.  Any request for relief which is procedurally deficient may be returned without action.

Case No. 3:22cv9570-LC-HTC

      a.    *Daubert* motions and motions for summary judgment shall be filed by no later than **twenty-one (21) days** after the close of discovery.

      b.    Motions to compel discovery must be filed prior to the discovery cutoff set forth in paragraph 1.  Prior to filing a motion to compel, the moving party must provide certification that the "movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery" in an effort to avoid judicial intervention.  Fed. R. Civ. P. 37(a)(1).  This requirement applies to both represented and unrepresented parties.  A motion which does not include a certificate of conference may be DENIED as procedurally deficient.

      c.    Motions for an extension of any deadline set forth in this CMO will only be granted upon a showing of good cause and upon a showing of diligence during the initial discovery period.  *See* Fed R. Civ. P. 6(b).  The filing of motions SHALL NOT operate to toll or extend the discovery deadline.

      d.    The Court may dispose of motions without a hearing and, in some cases, *sua sponte*.  *See* N.D. Fla. Loc. R. 7.1(K).

    5.    <u>Expert Disclosures</u>.  Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the parties by **April 27, 2023**.  Rebuttal expert reports are due **fourteen (14) days** thereafter.  Expert witnesses not timely disclosed as required by Rule 26(a)(2) will normally not be permitted to testify at trial.

6.	<u>Rule 37 Sanctions</u>.  The parties are advised that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party, regardless of whether sanctions are requested.  *See* Fed. R. Civ. P. 37.

7.	<u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge</u>.  In accordance with 28 U.S.C. § 636(c)(2) and Rule 73.1 of the Local Rules, the parties may consent to have any part of this case tried before a magistrate judge.  To consent to magistrate judge jurisdiction, the parties shall execute and file the attached consent form.  Thus, if Plaintiff agrees to consent, he shall sign the form and send it to Defendants' counsel.  If Defendants consent, then Defendants shall sign the consent form and file the fully executed form with the Court.  No party is required to consent, and consent may be withheld.  **Consenting to magistrate judge jurisdiction does not alter the right to a trial by jury if one has been appropriately requested.**  By consenting to magistrate judge jurisdiction, the parties are also consenting to have the magistrate judge decide dispositive motions.

DONE AND ORDERED this 13th day of March, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv9570-LC-HTC

# UNITED STATES DISTRICT COURT
for the
Northern District of Florida

| | |
|---|---|
| Johnny L. Williams, Jr., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  3:22cv9570-LC-HTC |
| Parrot, et al., ) | |
| *Defendant* ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.*  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment.  The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.  A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.  The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.*  The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:  Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.