UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY L. WILLIAMS, JR.,

    Plaintiff,

v.                                    Case No. 3:22cv9570-LC-HTC

PARROT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's response, ECF Doc. 65, to the Court's Orders regarding the unserved Defendants, ECF Docs. 50, 57, 60. After reviewing Plaintiff's response, the undersigned finds he has not shown good cause for extending the deadline for service, nor are there any other circumstances which warrant an extension. Thus, the undersigned recommends the dismissal of Plaintiff's claims against Defendants Evans, Harris, and Permenter.

**I.    Background**

In this case, Plaintiff alleges that while he was incarcerated at Santa Rosa Correctional Institution ("SRCI"), the six Defendants used excessive force against him or failed to prevent the use of excessive force. ECF Doc. 1. On March 16, 2023, the Court entered an order describing the unsuccessful efforts made to serve Defendants Evans, Harris, and Permenter, and advising Plaintiff he had thirty days

to: (1) submit addresses at which these Defendants could be served; (2) file a notice with the Court voluntarily dismissing his claims against these Defendants; or (3) show cause why the claims against these Defendants should not be dismissed for failure to effect timely service. ECF Doc. 50. The Court warned Plaintiff that his failure to comply with the Order would result in a recommendation that the Defendants be dismissed.

The Court extended the deadline for Plaintiff to comply with the March 16 Order twice—first to May 8, then to June 7. ECF Docs. 57 & 60. On May 3, 2023, Plaintiff mailed his "Motion to Inform & Show Case" to the Court. ECF Doc. 65. Plaintiff states he: (1) "is in prison and has no means to locate Defendants"; (2) "has little to no information about [them], other than just their last name [and] the task of finding them is impossible"; and (3) "doesn't think just because he can't locate them that the claims against them should be dismissed on that principle alone without professional help."

## II. Discussion

Under the Federal Rules of Civil Procedure:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration adopted, quotation marks and citation omitted). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.* In exercising that discretion, a court must consider whether any other circumstances, such as the running of the statute of limitations, warrant an extension of time based on the facts of the case. *Id.* at 1282.

Here, the undersigned does not find Plaintiff has shown good cause for extending the deadline for service, nor are there any other circumstances which warrant an extension.[1] Over 300 days have elapsed since Plaintiff filed this case; during that time, the Court and the United States Marshals Service ("USMS") have made reasonable efforts to serve Defendants Evans, Harris, and Permenter. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (noting the USMS must make a reasonable effort to serve a defendant on behalf of an incarcerated *in forma pauperis* plaintiff before the defendant can be dismissed under Rule 4(m)). On December 28, 2022, the Court directed the USMS to serve the Defendants by mailing the required documents to the special process server at SRCI. ECF Doc. 20.

---

[1] The inability to serve Evans, Harris, and Permenter appears to be linked with Plaintiff's decision to wait nearly four years before bringing this action.

The summonses for the Defendants were returned unexecuted by the special process server. ECF Docs. 24, 25, 27. Thus, on January 11, 2023, the Court asked the Florida Department of Corrections ("FDOC") for assistance with serving Evans, Harris and Permenter. ECF Doc. 29. On February 8, 2023, the FDOC advised the Court that the Defendants no longer worked for the FDOC and that their last known addresses would be provided to the USMS. ECF Doc. 34. However, the USMS's attempts to personally serve the Defendants at those addresses were unsuccessful.[2] ECF Docs. 41, 42, 46, 47; *see Gholston v. Humphrey*, 2016 WL 8679263, at *4 (M.D. Ga. July 8, 2016) *report and recommendation adopted by* 2016 WL 4487868 (Aug. 25, 2016) (finding attempt to serve defendant at last known address provided by the Georgia Department of Corrections constituted reasonable effort to effect service). The Court and the USMS, therefore, have exhausted the available reasonable means for locating and serving the Defendants; no further efforts are feasible or required.[3]

---

[2] The USMS indicated Evans "doesn't live at address listed, and homeowner has no idea of new location." ECF Doc. 41. As to Permenter, the "residence appeared to [be] empty of all possessions [and there were] other indicators of the resident recently having moved. [SRCI] was unable to provide … any contact information as he is no longer employed there." ECF Doc. 46. For Harris, the USMS was "unable to locate subject at residence[.] Called number provided by resident, but was advised by whoever answered not to call back. [SRCI] could provide no additional information to contact this individual." ECF Doc. 47.

[3] To the extent Plaintiff's reference to "professional help" is a request for the USMS to undertake an investigation into the location of the Defendants, such a request is not a proper use of USMS resources. *See Velazquez v. Lowery*, 2022 WL 2181094, at *2 (N.D. Fla. May 17, 2022) *report and recommendation adopted by* 2022 WL 2176504 (June 15, 2022) ("The purpose of the USMS is not to use its investigative tools to locate defendants in civil litigation; nor would it be proper for the USMS to do so. … In short, neither the USMS nor the Court is a private investigator.").

The undersigned recognizes that a dismissal of the claims against Evans, Harris, and Permenter will likely operate as a dismissal with prejudice because Plaintiff's allegations concern events that occurred in September 2018. *See Ellison v. Lester*, 275 F. App'x 900, 901-02 (11th Cir. 2008) ("[T]he four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida."). Nevertheless, the undersigned does not find this factor warrants an extension of the deadline for service. *See Lepone-Dempsey*, 476 F.3d at 1282 (noting the running of the statute of limitations does not require a court to extend time for service of process under Rule 4(m), but the court must consider it as a factor). As explained above, the Court has ordered the USMS to make multiple attempts at service and solicited the help of the FDOC to locate the Defendants. Moreover, Plaintiff: (1) is serving a life sentence; (2) admits he has no information regarding the unserved Defendants other than their names; and (3) has no expectation he will be able to locate the Defendants. Thus, even a significant extension of the deadline is unlikely to result in the Defendants being served. Based on the foregoing, the undersigned concludes Plaintiff's claims against Defendants Evans, Harris, and Permenter should be dismissed under Rule 4(m).

Accordingly, it is RECOMMENDED:

That Plaintiff's claims against Defendants Evans, Harris, and Permenter be DISMISSED.

At Pensacola, Florida, this 19th day of May, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv9570-LC-HTC