UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNY L. WILLIAMS, JR.,

    Plaintiff,

v.                                                                                  Case No. 3:22cv9570-LC-HTC

PARROTT, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Johnny L. Williams, Jr., a prisoner proceeding *pro se* under 42 U.S.C. § 1983, sues two Santa Rosa Correctional Institution ("SRCI") officers for use of excessive force and one for failure to intervene. ECF Doc. 1. Pending before the Court is Defendants Parrott, Carr, and Alligood's motion for summary judgment. ECF Doc. 93. Plaintiff responded in opposition, ECF Doc. 98, and Defendants filed a reply, ECF Doc. 100. After considering the parties' submissions, the record, and the relevant law, the undersigned recommends the motion for summary judgment be DENIED, as a genuine dispute of material fact exists regarding whether excessive force was used on Plaintiff while he was being placed in the decontamination shower.

**I.**  **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The Court must review the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993) (citation omitted). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted).

**II.     Facts**

On September 3, 2018, Plaintiff was housed in F Dorm of SRCI. ECF Doc. 1 at 8. That morning, one of the inmates in F Dorm assaulted a captain and lieutenant in a dispute over a contraband cell phone. ECF Docs. 93-18 at 1, 93-19 at 1. Using his own contraband cell phone, Plaintiff called the inmate's mother to advise her of the situation. ECF Doc. 1 at 8. Because the captain and lieutenant were injured in

the assault and had to be taken to the hospital, Captain Parrott and Lieutenant Carr were called in to work. ECF Docs. 93-18 at 1, 93-19 at 1.

After receiving information indicating Plaintiff also had a contraband cell phone, Parrott, Carr, Sergeant Wheaton, and Officer Permenter entered F Dorm to search Plaintiff's cell. ECF Doc. 93-19 at 1. Parrott ordered Plaintiff to submit to wrist restraints, but Plaintiff refused to comply. ECF Doc. 93-18 at 2. When the officers attempted to open Plaintiff's door, he tried to hold the door closed and became loud and combative, as he wanted to "scare off" the officers and avoid losing his cell phone. *Id.*; ECF Doc. 1 at 9. After the officers succeeded in opening the door, Plaintiff began to throw items in his cell, and refused orders to stop and lay down. ECF Doc. 93-18 at 2. As a result, Parrott ordered Permenter to spray Plaintiff with chemical agents. *Id.* Plaintiff continued his combative behavior and began throwing things out of his cell toward the officers, which resulted in Permenter spraying more chemical agents at Plaintiff. *Id.* After securing his cell phone between his butt cheeks, Plaintiff ceased his combative behavior; he laid down and allowed the officers to handcuff him and drag him out of the cell. ECF Doc. 1 at 9. The officers then escorted Plaintiff to the decontamination shower.[1]

---

[1] Defendants assert ankle restraints were placed on Plaintiff in his cell, while Plaintiff asserts ankle restraints were placed on him after he arrived at the shower. In addition, Plaintiff claims the cell phone slipped out of his shorts during the escort to the shower, while Defendants claim the cell phone slipped out of his shorts while he was at the shower and resisting efforts to remove his ankle restraints and clothing.

Case No. 3:22cv9570-LC-HTC

The parties disagree as to what happened next, and that disagreement forms the basis of Plaintiff's Eighth Amendment claims.  Defendants maintain Plaintiff became combative while officers were trying to remove his ankle restraints and contaminated clothes, which led to Carr and Wheaton using downward pressure to place Plaintiff face-down in a prone position on the shower floor.  ECF Doc. 93-18 at 3.  Plaintiff eventually became compliant, allowing officers to remove his clothing and continue the decontamination process.  ECF Doc. 93-19 at 2-3.

In contrast, Plaintiff contends he was being cooperative and posed no threat at the shower.  He says that while he was on his knees and restrained, Parrott punched him in the back of the head, causing him to fall forward onto his stomach, and made statements indicating Plaintiff was being beaten in retaliation for calling the other inmate's mother.  ECF Docs. 1 at 10, 93-21 at 30:21 – 34:25.  Parrott, Carr, and another officer then struck Plaintiff's head and torso multiple times.  *Id.*  Meanwhile, Officer Alligood stood by and failed to stop the other officers' use of excessive force.  ECF Docs. 1 at 10, 93-20.

### III. Video Evidence[2]

Citing *Scott v. Harris*, 550 U.S. 372 (2007), Defendants argue the video evidence they submitted shows Defendants Parrott and Carr did not use excessive force at the decontamination shower and, thus, the Court should reject Plaintiff's version of events and grant the motion for summary judgment. *See id.* at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

However, the video evidence Defendants submitted is not conclusive; it does not offer an unobstructed view of all of Parrott's and Carr's interactions with Plaintiff while he is near the shower. The best view of the interactions at the shower can be found in Exhibit 2, which is footage from the Dayroom View. ECF Doc. 93-2. This footage, however, shows at least 12 officers surrounding Plaintiff and does not offer a clear view of the actions of any of the officers toward Plaintiff. *See, e.g.*, ECF Doc. 93-2, Dayroom View at 1:31:15 – 1:31:20 (partially obstructed view of Parrott leaning down toward Plaintiff). While it does appear that Plaintiff falls to the ground at some point, with officers following him to the ground, it is not clear

---

[2] Exhibits 1 through 5 of Defendants' motion for summary judgment are videos from fixed wing cameras located throughout SRCI. Defendants' motion suggests they also intended to submit videos from a handheld camera but the Court did not receive such evidence. Based on Defendants' motion and Plaintiff's deposition testimony, it does not appear the handheld video footage captured the use of force at the shower. *See* ECF Doc. 93-21 at 27:3-21. Thus, those videos would not change the outcome of this report.

how or what caused Plaintiff to hit the ground. Once Plaintiff hits the ground and while officers can be seen on top of him, he can be heard yelling as if in pain. Moreover, while one or more of the officers can be heard yelling "stop resisting," because Plaintiff cannot be seen in the midst of all the officers, it is for the jury to determine whether Plaintiff was in fact resisting at that time.

Because the video evidence does not definitively refute Plaintiff's allegations of excessive force, the Court must accept Plaintiff's version of the facts as true. *See Brooks v. Miller*, — F.4th —, 2023 WL 5355022 (11th Cir. Aug. 22, 2023) (*Scott*'s rule "applies only when the video actually proves that the plaintiff's version of the facts cannot be true. When the action happens off camera and the audio doesn't clearly contradict the plaintiff's story, *Scott*'s rule becomes irrelevant. Under those circumstances, we default to the usual rule: we accept the nonmoving party's version of the facts in determining whether to enter summary judgment."); *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) ("video evidence is not obviously contradictory if it … fails to provide an unobstructed view of the events").

IV.   **Discussion**

   A.   **Eighth Amendment**

In Eighth Amendment excessive force claims, the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In determining whether force was applied maliciously and sadistically to cause harm, a court considers: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted upon the prisoner; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). In addition, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (citations omitted).

Here, accepting Plaintiff's version of events as true, a reasonable jury could conclude Defendants Parrott and Carr used excessive force on Plaintiff while he was at the shower. Plaintiff's evidence indicates: (1) he was in restraints and being compliant; (2) he posed no threat to officers or institutional security and, thus, there was no need to apply any force; and (3) Parrott and Carr punched him multiple times to punish him for calling the other inmate's mother.[3] This evidence indicates Parrott

---

[3] Defendants also argue the use of force at the shower caused Plaintiff only minimal injuries. As is discussed below, the extent of Plaintiff's injuries is disputed. Furthermore, the extent of the injury is only one of the *Whitley* factors the Court considers. *See Skritch*, 280 F. 3d at 1302 (the

and Carr applied force maliciously and sadistically to cause harm and not in a good-faith effort to restore discipline. *See Bowden v. Stokely*, 576 F. App'x 951, 953-54 (11th Cir. 2014) (affirming denial of summary judgment where inmate's testimony indicated "he was the victim of an unprovoked attack in circumstances that did not present a risk of creating a disturbance or harming staff or other inmates"). Thus, summary judgment should be denied as to Plaintiff's excessive force claim against Parrott and Carr.

As for Defendant Alligood, he argues simply that no excessive force was used at the shower and, thus, he cannot be liable for failing to intervene. ECF Doc. 93 at 23-24. However, because a jury could conclude the officers used excessive force at the shower, the jury could also find Alligood's failure to take any action upon witnessing that excessive force violated the Eighth Amendment. *See Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) ("'An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force' can be liable for failing to intervene, so long as he 'was in a position to intervene yet failed to do so.'") (quoting *Hadley v. Gutierrez*, 526 F.3d

---

injuries suffered is one factor to consider). And, as the Supreme Court has noted, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 559 U.S. at 38 ("Injury and force … are only imperfectly correlated, and it is the latter that ultimately counts.").

1324, 1330-31 (11th Cir. 2008)). Summary judgment, therefore, should be denied to Alligood.

### B. 42 U.S.C. § 1997e(e)

Defendants also argue Plaintiff cannot recover compensatory damages under 42 U.S.C. § 1997e(e) because he did not suffer a more than de minimis injury.[4] Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e). Under § 1997e(e), a prisoner must prove he suffered a more than de minimis physical injury to recovery compensatory damages. *Thompson v. Smith*, 805 F. App'x 893, 900-01 (11th Cir. 2020) (citation omitted). Courts have described a more than de minimis injury as "an observable or diagnosable medical condition requiring treatment by a medical care professional." *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014) (quoting *Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997)).

Here, Defendants assert Plaintiff did not suffer a more than de minimis injury because his September 3, 2018, post-use-of-force examination showed he only had a lump above each eye and no treatment was necessary. ECF Doc. 93-14 at 6. On

---

[4] Defendants argue § 1997e(e) also prohibits Plaintiff from recovering punitive damages. However, in *Hoever v. Marks*, the Eleventh Circuit acknowledged that § 1997e(e) "permits claims for punitive damages without a showing of physical injury." 993 F.3d 1353, 1356 (11th Cir. 2021).

Case No. 3:22cv9570-LC-HTC

the other hand, Plaintiff's evidence indicates: (1) he was "knocked out" during the encounter, ECF Doc. 93-21 at 30:18-20; (2) the nurse failed to document all his injuries on September 3, ECF Doc. 1 at 11, but nevertheless indicated he should "watch[] for signs of concussion," ECF Doc. 93-14 at 6; (3) he was denied proper medical treatment following the incident, ECF Docs. 93-21 at 16:10-17, 98-1 at 41; (4) he is "still dealing with [his] right eye issue" and "any time [he steps] out into the sun [it's] blurry" and "gives [him] headaches," ECF Doc. 93-21 at 15:9-11; (5) his "back issue has gotten a little better, but [is] still giving [him] pain," ECF Doc. 93-21 at 15:23-25; and (6) "four or five months" after the incident, a doctor provided him with ibuprofen for his back pain, ECF Doc. 93-21 at 16:18-24.

Based on the foregoing, the undersigned finds there is a genuine dispute of material fact regarding whether the injuries Plaintiff suffered were more than de minimis. While temporary swelling above each eye would generally not constitute a more than de minimis injury, the evidence indicating Plaintiff was "knocked out" and continues to experience eye and back issues years after the incident is sufficient to cross the more than de minimis threshold and survive summary judgment. Although Defendants argue Plaintiff relies on "self-serving" statements and "presents no competent evidence of anything other than de minimis injury," ECF Doc. 100 at 7, "for purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in

x

determining whether there is a genuine dispute of fact on a material issue in the case." *Reid v. Sec'y, Fla. Dep't of Corr.*, 486 F. App'x 848, 852 (11th Cir. 2012) ("While it is true that [the inmate's] medical records do not support the version of the facts he presents in his affidavit, all this means is that there is conflict in the evidence, which we must resolve at the summary judgment stage in [the inmate's] favor."); *see also Flanning v. Baker*, 2016 WL 4703868, at *7 (N.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 4703862 (N.D. Fla. Sept. 7, 2016) ("The undersigned must balance any skepticism concerning plaintiff's self-diagnosis against the obvious fact that inmates are generally unable to obtain their choice of medical care—and perhaps medical opinions—as would many plaintiffs in other settings. Because a genuine dispute of material fact exists concerning whether plaintiff's injuries were *de minimis*, summary judgment is not appropriate on the issue of compensatory … damages.").

## V.     Conclusion

Accordingly, it is RECOMMENDED:

1. That Defendants' motion for summary judgment, ECF Doc. 93, be DENIED.

2. That this case be referred to the undersigned for further pretrial proceedings on Plaintiff's individual capacity Eighth Amendment excessive force and failure to intervene claims against Defendants Parrott, Carr, and Alligood.

At Pensacola, Florida, this 21st day of September, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.