PROVIDED TO HARDEE CORRECTIONAL INSTITUTION ON 11/15/23 FOR MAILING INMATE LEGAL MAIL

United State District Court
Northern District of Florida
Pensacola Division

Johnny L. Williams Jr.,
   Plaintiff,

VS.                         Case NO.: 3:22cv9570-LC-HTC

Parrott, et al.,
   Defendants.

Motion of Narrative Written Statement of fact, Exhibit list and a witness list. To comply with court order on October 27, 2023.

   Plaintiff will present at trial by a showing of oral and documentary evidence of the facts. That on September 3, 2018 defendants Parrott and Carr did violate the plaintiff's Constitutional rights. By subjecting him to cruel and unusual punishment while incarcerated. Which is protected by the eighth amendment. The above stated defendants did by use of excessive force. Beat Plaintiff in an unprovoked, unreasonable and unnecessary conditions. Did so solely to cause harm with malicious and sadistical intent. As retaliation on plaintiff for contacting another inmates mother about a prior use of excessive force that occurred that day. And also this violation of Plaintiff's rights happen in the presents of officer

Alligood who is also a defendant, That failed to intervene or stop and/or report the misconduct of defendants Parrott and Carr.

## Narrative Statement of Facts

1.) On September 3, 2018 Defendants Parrott and Carr. Had prior knowledge about plaintiff possibly being in possession of a contraband cellphone. Before entering F-dormitory wing one to confront plaintiff. And with their rank as Captain and Lieutenant respectfully. Had enough experience and knowledge amongst the two. To know the proper protocol and to follow policy and procedure. When knowingly going to confronting an inmate in controlled conditions. The unwillingness to follow those policy and procedure's. Were not committed out of lack of knowledge. But, solely to retaliate on plaintiff and to teach him a lesson.

That when plaintiff refused the order to submit to hand restraints. If defendants would have followed proper procedure out-lined by Chapter 33-602.210 Use of chemical agent on inmates in controlled conditions. Are set in place to protect staff as well as inmates. However, the defendants decision to open plaintiff's door before securing him in hand-restraints and/or having the use of force camera present. Were done on purpose. Especially in the light that the privious Captain and Lieutenant were just taken to the hostiple. The defendant were called into work to replace. It only makes sense to follow procedure if nothing but for Pre-cautionary reason. However, the defendants actions place plaintiff

and stuff in harms way. By opening plaintiff's with no regard for plaintiff's person safety. Unless they had ill intent. Which, the record and video evidence will reflex. From the conduct and action displayed on and off camera by the defendants.

2.) After plaintiff's cell door was open and chemical agent was administer. Plaintiff ceased his combative behavior and layed down on the floor. Only to be "Dragged" by his feet, which is also against policy. Then placed in hand restraints by Sgt. Wheaton. And at "NO TIME" while plaintiff was at cell doorway. Did any officer place ankle restraint on plaintiff. As the defendants Parrott and Carr have stated in their sworn affidavits. After, also stating they view the video footage in section #7 of defendant Parrott's Affidavit. And section #4 of defendant Carr's Affidavit. That all video footage from the fix wing camera's and hand held are true that documented the events. And video evidence contradicts both defendants claims. Showing lack of credibility on their part. And these same trait's will be high light through out the chain of events.

3.) As Plaintiff was escorted to the shower area. Where the decontamination process was suppose to start as soon as he arrive. However, upon arriving at shower. The defendants did not place plaintiff immediately inside and secured therein. And with the fact that plaintiff had NO ankle restraints on his person at time of arrival at shower. With video evidence to support

this fact. By a showing of an unknown officer entering the wing with ankle restraints in hand. ~~Been~~ Being closely followed by sergeant Harris. This fact will further prove their lack of credibility as well their malicious and sadistical intent. Also the measure they took and the lengths when through to inflict pain upon plaintiff. For calling another inmates mother shows the retaliatory intention. To get even with plaintiff and to teach him a lesson. As stated by defendant ~~also~~ Parrott as the assault was occurring. And plaintiff was order to kneel to wait for the restraints to come. During the time it took for restraints to arrive gave defendant ~~time~~ to think. But, yet and still the chose to beat and/or assault the plaintiff anyway. Which, shows defendants actions were planned, thought-out, and deliberate at this point. And Done solely to inflict pain and cause the plaintiff harm.

And furthermore the only reason for placing leg restraints on plaintiff at shower. Was to secure him before the assault was preformed. After the securing of the ankle restraints, The video depicts a sudden movement of body's going forward toward plaintiff knocking him over. In the mist of all the body's defendant Carr, sergeant Harris and Wheaton are assaulting plaintiff. Captain Parrott ~~~~ also a defendant can be seen leaning down inside the shower at least twice toward plaintiff. However, his action are blocked from view of the camera. But, upon closer investigation notice that while Defendants are

waiting for ankle restraints. Parrott keeps a safe distants between him and the plaintiff. However, when ankle restraints are secured defendant Parrott is seen leaning toward plaintiff at least twice. At which time he did strike plaintiff with closed fist ~~was~~ several times. And although most of defendants actions are off camera do to cluster of body's of (12) additional officer and the shower wall. But, in the light of the following fact and prior credibility issues shade light on plaintiff's claims of assault. Fact #1.) No placement of ankle restraints at cell doorway. #2.) NOT being placed directly inside shower for decontamination upon arrival at shower. #3.) Plaintiff waiting for ankle restraints to arrive without being combative. #4.) Officer entering wing with restraints in hand. #5.) Placing ankle restraints on ~~~~ without removal of contaminated clothing. #6.) Thus proving defendants assault on plaintiff was unprovoked shading light on the off camera events. Which video evidence backs up. And contradicts defendant's version of events.

4.) Plaintiff will also call video evidence as witness to the fact. Plaintiff never struck defendant on the arm. As stated by defendant Parrott's Disciplinary Report. To show a pattern of lack of credibility by defendant

5.) Also, that the weight of several officer's that's on top of ~~~~ plaintiff back at one time. During the excessive use of force. Is the cause behind plaintiff's back issues. And the punches from defendants Parrott, Carr and two other officers

cause the swelling and knocking the plaintiff unconscious doing enough damage for nurse to mention in medical file to watch for signs of concussion. Also, using medical document's to show that plaintiff complained and sought medical treatment. Only to be refused treatment for approximately 55 days after initial post use of force exam. And through out the entire process plaintiff as claim and documented same injury's. Back, blurred vision, head aches, sensitivity to light and swelling and bruising of facial area. And However after Nurse Hull documented to watch for sign of concussion. Plaintiff would go to sick call on Sept. 6, 2018 To be seen by Nurse C. Neely. However, Plaintiff was escorted by one of the officers, that partook in the excessive use of force, Sergeant Wheaton. When plaintiff enter medical office only to be thrown out by Nurse C. Neely. In an effort to cover up the conduct of co-workers. It should be noted That plaintiff has complaint against Nurse C. Neely for deliberate indifference.

6.) The entire decontamination process was against policy and procedure. The defendant and several officers held plaintiff under the shower water never departing the shower. Was force to stand by the bending of plaintiff's wrist. Video evidence will support the fact. That the shower door was never closed or secured. Also, show officers and defendant going in and out during the decontamin- ation process after the assault took place. And do to the fact the defendant's never produce the hand held video footage. It can be question

to why the evidence has been misplaced or losed. However, defendant's Parrott and Carr have sworn under oath that they have viewed the hand held video footage during the investigation. In the affidavit's they done, proves the video footage does exist.

7.) Plaintiff's Exhibit list

1.) Plaintiff's Depo.
2.) Defendant's sworn affidavits
3.) Grievances file
4.) medical file
5.) Video evidence Plaintiff was allowed to view
6.) Disciplinary Reports and investigation
7.) medical grievances
8.) Inspector General investigative report

8.) Witness's Address: FL DOC A.C.I. EASTUNIT Charles D. Smith / inmate; will testify that Plaintiff wasn't in ankle restraint and beating by defendants.

The plaintiff has submitted a written narrative statement of the facts he will present at trial, an Exhibit list, an witness list. As order to the best of his ability. On this Date: 11/15 2023.

Address: Hardee C I  By: Johnny L. Williams Jr
6901 state road 62       Johnny L. Williams Jr
Bowling Green, FL 33834  #V04687

Johnny L. Williams Jr. # V04687
Hardee C.I.
6901 State Road 62
Bowling Green, FL. 33834

U.S. District Court
Northern District Of Florida
1 North Palafox Street
Pensacola, Fla. 32502

Hardee Correctional
Institution

PROVIDED TO HARDEE CORRECTIONAL
INSTITUTION ON 11/15/23 FOR MAILING
INMATE LEGAL MAIL

02 1P       $ 000.00
0000944146   NOV 16 2023
MAILED FROM ZIP CODE 33834